UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY, Subrogee of
Christopher Shamus,

      Plaintiff,

v.

                               Case No. 1:25-cv-246

                               HON. JANE M. BECKERING

SHANTOU HAILBOXING TECHNOLOGY
& EDUCATION MODEL CO., LTD., et al.,

      Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

This is a subrogation matter in which Plaintiff State Farm Fire and Casualty Insurance Company seeks damages in tort (Compl., ECF No. 1). Plaintiff alleges that a toy remote control car manufactured by Defendants caught on fire and caused some damage to a subrogor's home (*id.*). Plaintiff filed the Complaint on March 5, 2025 (*id.*). On May 6, 2025, the Court entered a Notice of Impending Dismissal warning Plaintiff that this action would be dismissed in the absence of proper service (*see* Notice, ECF No. 8). On June 5, 2025, Plaintiff filed a Motion for Alternate Service (Mot., ECF No. 9). The Court denied that motion on July 10, 2025 (Order, ECF No. 10). On January 13, 2026, over six months later and almost a year after Plaintiff filed the Complaint, the Court entered an Order to Show Cause why this case should not be dismissed for failure to prosecute, noting that "Plaintiff does not appear to have taken any additional steps to effectuate service or otherwise prosecute this case since June 5, 2025" (OTSC, ECF No. 11 at PageID.54). The Court placed Plaintiff on notice that "Federal Rule of Civil Procedure 41(b) provides for dismissal of actions [with prejudice if] the plaintiff fails to prosecute[.]" (*id.*).

Plaintiff responded to the Order to Show Cause on January 22, 2026 (Response, ECF No. 12). Plaintiff "inform[ed] the Court [that] Article 15 of the Hague Service Convention" indicates that each "Contracting State shall be free to declare that the judge . . . may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled[:] a) the document was transmitted by one of the methods provided for in this Convention, [and] b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document" (*id.* at PageID.57–58).

Plaintiff stated that it submitted certain documents required to effectuate service under the Hague Convention through the "Hague Portal" on January 12, 2026. In other words, 221 days passed—over seven months—between Plaintiff's filing its motion for alternate service on June 5, 2025 and Plaintiff's undertaking to effectuate service through the Hague Portal (*id.*). Plaintiff similarly waited for close to six months before attempting to wire service documents to Defendants (*id.*).

Nevertheless, the Court held this Order to Show Cause proceeding in abeyance for an additional six months following January 12, 2026, to afford Plaintiff additional time to effectuate service, move for default judgment pursuant to the Hague Convention, move for alternate service, or otherwise inform the Court of any action that Plaintiff has taken to prosecute this case. Plaintiff took no such action. As the Court previously informed Plaintiff:

> Federal Rule of Civil Procedure 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" A Rule 41(b) dismissal "operates as an adjudication upon the merits." *Id.* "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.,* 370 U.S. 626, 629 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)[.]

> When contemplating an order of dismissal under Rule 41(b), a district court should consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 737.  A district court must be given "substantial discretion in serving these tasks." *Id.* at 736.

(OTSC, ECF No. 11 at PageID.54–55).

Additionally, the "lack of an explicit deadline under Rule 4(f) to complete service does not mean that a plaintiff has an unlimited amount of time to serve a foreign defendant." *Int'l Metaphysical Ministry, Inc. v. Schaefer*, No. C 18-4524 SBA, 2018 WL 10560778, at *2 (N.D. Cal. Nov. 21, 2018); *accord Nylock Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets . . . the amount of time allowed for foreign service is not unlimited.").  "The failure to [timely] serve a [foreign] defendant . . . may constitute grounds for failure to prosecute under Rule 41(b)." *Int'l Metaphysical Ministry*, 2018 WL 10560778 at *2 (citing federal appellate authority).  "Most circuits having addressed the issue have held that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1041 (E.D. Mich. 2019) (citing federal appellate authority) (cleaned up).

In this case, Plaintiff chose when to file the Complaint.  Plaintiff chose not to arrange for translation of the pleadings in advance and in anticipation of serving foreign parties.  And Plaintiff chose to move for an improper form of alternate service months after filing the Complaint rather than diligently taking steps to effectuate Hague Convention service.  As relevant to the factors noted above: (1) the record indicates that Plaintiff is at fault for delaying its attempts to effectuate service leading up to January 2026 and for declining to further prosecute this case for an additional

six months thereafter; (2) Plaintiff's dilatory conduct has significantly aged this case, resulting in prejudice; and (3) the Court expressly warned Plaintiff months ago by entering an Order to Show Cause why this case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) (*see* OTSC, ECF No. 11 at PageID.54–55).

Accordingly:

**IT IS HEREBY ORDERED** that the Court's Order to Show Cause (ECF No. 11) has not been satisfied and the Court will enter a Judgment dismissing this case with prejudice for want of prosecution and for failure to comply with the rules and Orders of this Court.

Dated: July 15, 2026
    /s/ Jane M. Beckering
    JANE M. BECKERING
    United States District Judge